UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JORGE GARCIA-MOREJON,

Petitioner,

v. Case No. 3:26-cv-2979-MMH-SJH

SHELLIE BAKER, et al.,

Respondents.

---

**ORDER**

Petitioner Jorge Garcia-Morejon, an immigration detainee, initiated this action through counsel by filing a Verified Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. 1; Petition) on October 28, 2026. See generally Petition. Garcia-Morejon, a citizen of Cuba, was temporarily detained at the border and paroled into the United States on March 20, 2022. Id. at 2. On August 28, 2026, United States Immigration and Customs Enforcement (ICE) re-detained Garcia-Morejon. Id. As relief, he seeks, inter alia, immediate release or, alternatively, a bond hearing. Id. at 17.

Garcia-Morejon argues that his continued detention violates the Immigration and Nationality Act. Id. at 16. The Eleventh Circuit Court of Appeals has concluded that "§ 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior."

Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami, 175 F.4th 1258, 1276 (11th Cir. 2026). Although Hernandez Alvarez did not directly address the circumstance of a petitioner, like Garcia-Morejon, who is detained at or near the border, paroled into the United States, and is re-detained years later, its reasoning also applies to this case. Garcia-Morejon was not seeking entry at the border when he was re-detained; therefore, he is not subject to § 1225. See id. at 1285 (recognizing the "longstanding border-interior distinction" for purposes of immigration detention that Congress preserved in the Immigration and Nationality Act).

Accordingly, it is **ORDERED**:

1. Garcia-Morejon's Verified Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. 1) is **GRANTED** as to his claim that his detention without an individualized bond hearing violates the Immigration and Nationality Act.[1] Within **seven days** of this Order, Respondents shall either afford Garcia-Morejon an individualized bond hearing consistent with 8 U.S.C. § 1226(a) or release him.[2] If Respondents release Garcia-Morejon, they

[1] Because the Court finds that Garcia-Morejon is entitled to relief on his assertion that Respondents violated the Immigration and Nationality Act, the Court need not address his remaining contentions. See Banks v. Dretke, 540 U.S. 668, 689 n.10 (2004) (declining to address an additional claim in a habeas petition after granting relief on another claim because "any relief [petitioner] could obtain on that claim would be cumulative").

[2] Garcia-Morejon is not entitled to immediate release. See, e.g., Valiente Perez v. Warden, Glades Cnty. Det. Ctr., No. 2:26-CV-2417-KCD-NPM, 2026 WL 2730233,

shall facilitate his transportation from the detention facility by notifying his counsel when and where he can be collected.

2. The **Clerk** is directed to terminate any pending motions, enter judgment granting the Petition, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 12th day of November, 2026.

MARCIA MORALES HOWARD
United States District Judge

lc36
c:
Counsel of Record

at *1 (M.D. Fla. Sept. 16, 2026) (recognizing that the "comfortable majority position" is that an alien held under 8 U.S.C. § 1226(a) "is entitled to a bond hearing[,] . . . not immediate release"(quoting Lopez-Arevelo v. Ripa, 801 F. Supp. 3d 668 (W.D. Tex. 2025))).